**FILED**

AUG 0 9 2012

PATRICK E. DUFFY, CLERK

By_____
    DEPUTY CLERK, MISSOULA

CYNDEE L. PETERSON
Assistant U.S. Attorney
U.S. Attorney's Office
P.O. Box 8329
Missoula, MT 59807
105 E. Pine, 2nd Floor
Missoula, MT 59802
Phone:  (406) 542-8851
FAX:  (406) 542-1476
Email: Cyndee.Peterson@usdoj.gov


ATTORNEY FOR PLAINTIFF
UNITED STATES OF AMERICA


# IN THE UNITED STATES DISTRICT COURT

## FOR THE DISTRICT OF MONTANA

### BUTTE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12-07-BU-DLC |
| Plaintiff, | PLEA AGREEMENT |
| vs. | |
| JOSEPH FRANKLIN REYNOLDS, | |
| Defendant. | |

CLP     JFR     JR     Date
7.31.12

Pursuant to Rule 11 of the Federal Rules of Criminal Procedure, the United States of America, by Cyndee L. Peterson, Assistant United States Attorney for the District of Montana, and the defendant, Joseph Franklin Reynolds, and his attorney, John Rhodes, have agreed upon the following:

1.    **Scope:** This plea agreement is between the United States Attorney's Office for the District of Montana and defendant.  It does not bind any other federal, state or local prosecuting, administrative or regulatory authority, or the United States Probation Office.

2.    **Charges:** Defendant agrees to plead guilty to Counts IV and V of the Indictment, which charges the crimes of Transfer of Obscene Material to Minors, in violation of 18 U.S.C. § 1470; and Receipt of Child Pornography, in violation of 18 U.S.C. § 2252A(a)(2). The offense of Transfer of Obscene Material to Minors carries a maximum punishment of ten years imprisonment, a $250,000 fine, three years supervised release, and a $100 special assessment.  The offense of Receipt of Child Pornography, carries a punishment of not

2    CLP    JFR    JR    7.31.12
         CLP    JFR    JR    Date

less than five years or more than 20 years imprisonment, a $250,000

fine, not less than five years up to lifetime supervised release, and a

$100 special assessment.  The Indictment also contains a forfeiture

allegation which the defendant will admit.

Restitution is mandatory.  As set forth below, the defendant has

agreed to pay restitution in this case.  At the time of sentencing, the

United States will move to dismiss Counts I, II and III of this

Indictment if the court accepts this plea agreement.

3.    **Nature of the Agreement:** The parties agree that this

plea agreement shall be filed and become a part of the record in this

case, and will be governed by Rule 11(c)(1)(A) and (B), *Federal Rules of*

*Criminal Procedure*.  The defendant acknowledges that the agreement

will be fulfilled provided a) the United States moves to dismiss, and the

Court agrees to dismiss, Counts I, II and III of the Indictment, and b)

makes the recommendations provided below.  The defendant

understands that if the agreement is accepted by the Court, and Counts

I, II and III are dismissed, there will not be an automatic right to

withdraw the plea even if the Court does not accept or follow the

3      CLP      JFR      JR      Date
                                  7.31.12

recommendations made by the United States.

4.     **Admission of Guilt:**  The defendant will plead guilty because defendant is in fact guilty of the charges contained in Counts IV and V of the Indictment.

In pleading guilty to Count IV, *Transfer of Obscene Material to Minors*, the defendant acknowledges that:

First, the defendant knowingly used any means or facility of interstate commerce to transfer obscene matter; and

Second, the defendant knew that he was transferring the matter to an individual less than 16 years-old; and

Third, the defendant knew at the time of the transfer the general nature of the contents of the matter; and

Fourth, the matter is obscene.

In pleading guilty to Count V, *Receipt of Child Pornography*, the defendant acknowledges that:

First, that defendant knowingly received a visual depiction in interstate commerce by any means;

Second, that the production of such visual depiction involved the

4     CLP     JFR     JR     Date

use of a minor engaging in sexually explicit conduct;

Third, that such visual depiction was of a minor engaged in sexually explicit conduct;

Fourth, that defendant knew that such visual depiction was of sexually explicit conduct; and

Fifth, defendant knew that at least one of the persons engaged in sexually explicit conduct in such visual depiction was a minor.

By admitting the forfeiture allegation, the defendant acknowledges that he used the following property to facilitate the commission of the offenses:

Hewlett Packard Pavilion dv 7 (serial # CNFO312C55), and

Samsung cell phone, model TXT8035PP (serial # R2GB554167F).

5.      **Waiver of Rights by Plea:**

(a)    The government has a right to use against the defendant, in a prosecution for perjury or false statement, any statement that the defendant gives under oath during plea colloquy.

(b)    The defendant has the right to plead not guilty or to persist in a plea of not guilty.

5      CLP      JFR      JR      Date

(c)    The defendant has the right to a jury trial unless the defendant, by written waiver, consents to a non-jury trial.  The government must also consent and the court must approve a non-jury trial.

(d)    The defendant has the right to be represented by counsel, and if necessary, have the court appoint counsel, at trial and at every other stage of these proceedings.

(e)    If the trial is a jury trial, the jury would be composed of 12 laypersons selected at random.  The defendant and defense attorney would have a say in who the jurors would be by removing prospective jurors for cause where actual bias or other disqualification is shown, or without cause by exercising peremptory challenges.  The jury would have to agree unanimously before it could return a verdict of either guilty or not guilty.  The jury would be instructed that the defendant is presumed innocent, and that it could not convict the defendant unless, after hearing all the evidence, it was persuaded of the defendant's guilt beyond a reasonable doubt.

(f)    If the trial is held by the judge without a jury, the

6      CLP      JFR      JR      Date

judge would find the facts and determine, after hearing all the evidence, whether or not he was persuaded of the defendant's guilt beyond a reasonable doubt.

(g)     At a trial, whether by a jury or a judge, the government would be required to present its witnesses and other evidence against the defendant.  The defendant would be able to confront those government witnesses and the defense attorney would be able to cross-examine them.  In turn, the defendant could present witnesses and other evidence on the defendant's own behalf.  If the witnesses for the defendant would not appear voluntarily, their appearance could be mandated through the subpoena power of the court.

(h)     At a trial, there is a privilege against self-incrimination so that the defendant could decline to testify and no inference of guilt could be drawn from refusal to testify.  Or the defendant could exercise the choice to testify on his own behalf.

(i)     If convicted, and within 14 days of the entry of the Judgment and Commitment, the defendant would have the right to

7       CLP       JFR       JR       Date

appeal the conviction to the Ninth Circuit Court of Appeals for review

to determine if any errors were made which would entitle the

defendant to reversal of the conviction.

(j)     The defendant has a right to have the district court

conduct the change of plea hearing required by Rule 11, *Federal Rules*

*of Criminal Procedure*.  By execution of this agreement, the defendant

expressly waives that right and agrees to hold that hearing before, and

allow the Rule 11 colloquy to be conducted by, the U.S. Magistrate

Judge.

The defendant understands that by pleading guilty pursuant to

this agreement, defendant is waiving all the rights set forth in this

paragraph.  The defendant's attorney has explained these rights and

the consequences of waiving these rights.

**6.     Recommendations:** The United States will recommend

the defendant be given three points for acceptance of responsibility if

appropriate under the Guidelines unless the defendant is found to have

obstructed justice prior to sentencing, USSG § 3C1.1, or acted in

anyway inconsistent with acceptance of responsibility.  The parties

8      CLP    JFR    JR    7.31.12
                             Date

reserve the right to make any other arguments at the time of sentencing. Defendant understands that the court is not bound by this recommendation.

7.  **Sentencing Guidelines:** Although advisory, the parties agree that the U.S. Sentencing Guidelines must be applied, and a calculation determined, as part of the protocol of sentencing to determine what sentence will be reasonable.

8.  **Agreement as to Restitution**: The defendant acknowledges and agrees to be responsible for complete restitution regardless of whether a count or counts of the Indictment have been dismissed as part of this plea agreement. 18 U.S.C. § 3663(a)(3). The parties have agreed that $520 is owed to L.N., and $60,260 is owed to T.C. The defendant agrees to make monthly payments toward these restitution obligations.

9.  **Appeal Waiver:** The defendant acknowledges that 18 U.S.C. § 3742 affords him the right to appeal the sentence imposed in this case. In consideration for the government's concessions in this agreement, the defendant waives any and all right to directly appeal

*[handwritten marginal note, right side:]* JFR Upon production of verifying documents, JR

*[handwritten signature block:]*

| CLP | JFR | JR | Date |
|-----|-----|-----|------|
| *[initials]* | JFR | JR | 7.31.12 |

9

*[handwritten:]* *modified by defendant.*

any aspect of the sentence, including conditions of probation or supervised release.

The defendant also waives his right to challenge the sentence in a collateral proceeding pursuant to 28 U.S.C. § 2255. This waiver does not prohibit his right to pursue or maintain such an action arising from facts not known or reasonably capable of being known at the time of his entry of guilty plea or alleging that he received ineffective assistance of counsel.

**10. FOIA Waiver:** The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

**11.    Sexual Offender Requirements and Agreement to Comply:** The defendant agrees to obtain a sexual offender evaluation from a provider acceptable to the U.S. Probation Office, which will

10       CLP      JFR      JR      7.31.12
                  JFR      JR      Date

include behavioral testing and a polygraph examination to determine the accuracy of the information given to evaluators.  In exchange for the concessions made by the government, the defendant agrees to bear all costs of the evaluation and the behavioral and polygraph testing required by this agreement.  The defendant agrees that all results of evaluation and testing will be released to the Court, United States Attorney's Office, and the United States Probation Office.  The defendant expressly and specifically waives any medical or other privacy right, privilege, or objection to such disclosure.  The defendant will successfully complete any treatment recommended and will register, as required by law, as a sexual offender.  The defendant agrees to have no contact with minor children except when other adults are present.  The defendant and the United States stipulate and agree, if the Court accepts this agreement, that the terms outlined in this provision will be made a part of the judgment in this case.

12.   **Megan's Law/Adam Walsh Act Notice:**  The defendant has been advised and understands, that under the Sex Offender Registration and Notification Act, a federal law, the defendant must

11   CLP   JFR   JR   Date

register and keep the registration current in each of the following jurisdictions: the location of the defendant's residence, the location of the defendant's employment, and, if the defendant is a student, the location of the defendant's school. Registration will require that the defendant provide information that includes name, residence address, and the names and addresses of any places at which the defendant is or will be an employee or a student. The defendant understands that he must update his registrations no later than three business days after any change of name, residence, employment, or student status. The defendant understands that failure to comply with these obligations subjects the defendant to prosecution for failure to register under federal law, 18 U.S.C. § 2250, which is punishable by a fine or imprisonment, or both.

13. **Voluntary Plea:** The defendant and defendant's attorney acknowledge that no threats, promises, or representations have been made to induce the defendant to plead guilty, and this agreement is freely and voluntarily endorsed by the parties.

14. **Disclosure of Financial Information:** Defendant

|  | JFR | JR | 2.31.12 |
|---|---|---|---|
| CLP | JFR | JR | Date |

12

authorizes the U.S. Probation Office to release to the Financial

Litigation Unit of the U.S. Attorney's Office all documents and

financial information provided by the Defendant to the U.S. Probation

Office and any information obtained by the U.S. Probation Office about

the Defendant through its investigation.  Defendant further agrees to

fully complete a financial statement in the form prescribed by the U.S.

Attorney's Office, provide financial documents as requested, and submit

to a debtor's exam if deemed appropriate by the U.S. Attorney's Office

pre-sentencing, in order to evaluate the Defendant's ability to satisfy

any financial obligation imposed by the Court.   Defendant consents to

being immediately placed on the Treasury Offset Program to help meet

Defendant's obligation to pay restitution and/or a fine.

   **15.**   **Detention/Release After Plea:** The United States agrees

that it will not move for detention but will defer to the discretion of the

court the decision as to whether the defendant meets the conditions of

18 U.S.C. § 3143(a)(1) or (2), and whether the defendant has clearly

shown exceptional reasons why detention is not appropriate.  18 U.S.C.

§ 3145(c).  The United States is obligated to advise the Court of the

appropriate legal standards that relate to the defendant's eligibility for

13      CLP      JFR      JR      Date

post-conviction release.  The defendant acknowledges that obligation

and understands that advising the Court as to the law and facts is not

an abrogation of its agreement not to request remand.

16.  **Breach:**  If defendant breaches the terms of this agreement,

or commits any new criminal offenses between signing this agreement

and sentencing, the U.S. Attorney's Office is relieved of its obligations

under this agreement, but defendant may not withdraw any guilty plea.

17.  **Entire Agreement**:  Any statements or representations

made by the United States, the defendant, or his counsel prior to the

full execution of this plea agreement are superseded by this plea

agreement.  No promises or representations have been made by the

United States except as set forth in writing in this plea agreement.

**This plea agreement constitutes the entire agreement between**

**the parties.  Any term or condition which is not expressly**

**stated as part of this plea agreement is not to be considered**

**part of the agreement.**

MICHAEL W. COTTER
United States Attorney

Cyndee L. Peterson
Assistant U. S. Attorney

14          CLP        JFR        JR        7.31.12
                                                    Date

Joseph Franklin Reynolds
Defendant

John Rhodes
Defense Counsel

CLP      JFR      JR      Date