IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BUTTE DIVISION



| | |
|---|---|
| UNITED STATES OF AMERICA, | CR 12–7–BU–DLC |
| Plaintiff, | |
| vs. | ORDER |
| JOSEPH FRANKLIN REYNOLDS, | |
| Defendant. | |

On September 5, 2012, Defendant Joseph Franklin Reynolds pled guilty to Transfer of Obscene Material to Minors (Count IV) and to Receipt of Child Pornography (Count V) in violation of 18 U.S.C. § 1470 and § 2252A(a)(2), respectively. On December 7, 2012, Defendant was sentenced to 60 month's imprisonment on each count, to run concurrently, as well as to a three-year term of supervised release on Count IV and a ten-year term of supervised release on Count V, to run concurrently. (Doc. 52 at 2–3.) Importantly, Defendant was also ordered to pay restitution in the amount of $65,618.00 to the victims of his crimes, in part to reimburse them for expenses incurred seeking treatment for the traumatic events to which Defendant subjected them. (Docs. 52 at 5; 54 at 9–10.) Pursuant to 18 U.S.C. § 3565, this Court revoked Defendant's supervised release on February 23,

-1-

2018, after Defendant violated numerous conditions of supervision. (Doc. 66 at 1.) Notably, the order of restitution was not included on this Court's February 23, 2018 Judgment. (Doc. 66.) Further, the matter of restitution was not discussed at any point during the revocation proceedings. (Doc. 73 at 3–7.)

On April 27, 2018, the United States filed a Motion to Amend Judgment (Doc. 68) to include the restitution order. The United States asserts that the omission was inadvertently committed, rendering it a clerical error curable via Rule 36 of the Federal Rules of Criminal Procedure. (Doc. 69 at 2.) The United States is correct that this was an inadvertent oversight.

Appearing to argue that the Court's omission has rendered him free from his restitution responsibilities, Defendant responds that the Court may not correct the Revocation Judgment to include the omitted restitution order. (Doc. 73.) Defendant contends that Rule 36 does not allow such "substantial change" to his sentence and "would permit ready evasion of the time limit prescribed by Federal Rule of Criminal Procedure 35(a) for 'correct[ing] a sentence that resulted from . . . clear error.'" (Doc. 73 at 6 (quoting *United States v. Arrington*, 763 F.3d 17, 24 (D.C. Cir. 2014).) Despite this, the Court need not determine whether the implementation of Rule 36 in this instance would constitute an "evasion" of the

-2-

rules in order to prohibit Defendant from evading his responsibility to provide restitution to the victims of his crimes.

This argument is unnecessary in light of 18 U.S.C. § 3664(o). Section 3664(o) provides that "[a] sentence that imposes an order of restitution is a final judgment notwithstanding the fact that . . . (2) the defendant may be resentenced under section 3565." Consequently, this Court is satisfied that the restitution order imposed as part of Defendant's sentence on December 7, 2012, remains in full force and effect regardless of its omission at the time of Defendant's resentencing upon revocation pursuant to § 3565.

IT IS ORDERED that the United States' Motion to Amend Judgment (Doc. 68) is DENIED AS MOOT. Defendant's $65,618.00 restitution obligation remains in full force and effect.

DATED this 14th day of May, 2018.

Dana L. Christensen, Chief Judge
United States District Court